**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

B2G VICTORY LLC,              )

                       )

    Plaintiff,          )

                       )

    vs.               )

                       )    Civil Action No. 26-2158

NATIONAL MANAGEMENT     )

RESOURCES CORPORATION,     )    JURY TRIAL DEMANDED

                       )

    Defendant.      )

## COMPLAINT

B2G Victory LLC files its Original Complaint against National Management Resources Corporation and states as follows:

## THE PARTIES

1.      Plaintiff B2G Victory LLC ("B2G") is a limited liability company organized under the laws of Texas with its principal place of business in Tomball, Texas.  All of B2G's members are citizens of the State of Texas.

2.      On information and belief, Defendant National Management Resources Corporation ("National") is a corporation organized under the laws of the State of Colorado, with its principal place of business in LaGrange, Georgia.  National may be served by serving its registered agent, Cogency Global Inc. at 1601 Elm St., Suite 4360 Dallas, TX 75201 USA.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizens a different states.

*Complaint*                                 **Page 1**

4.      Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1) and (b)(2) because B2G resides in this district and because a substantial part of the events giving rise to its claims occurred and continue to occur in this District.  Further, the contract at issue in this matter provides for venue in Harris County, Texas.

5.      The Court has personal jurisdiction over National because it has established minimum contacts in the Southern District of Texas such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice due to it conducting business in Texas. Specifically, National entered into contracts with B2G for services to be performed in the Southern District of Texas, which give rise to the causes of action filed in this matter.

## FACTUAL ALLEGATIONS

6.      B2G is a trusted advisor to companies nationwide which works with those companies to help them develop, place, and win bids for governmental, quasi-governmental, and private contracts.

7.      National provides facilities management services nationwide, primarily to educational institutions.

8.      In April 2023, B2G and National entered into a Master Services Agreement (the "MSA") whereby B2G agreed to perform business capture management, pre-bid/proposal, post-submission, and/or post-contract award services to National.  A true and correct copy of the MSA is attached as Exhibit 1.  The MSA was effective from April 20, 2023 to March 31, 2024.

9.      The MSA provided that National would compensate B2G on an hourly basis, but also that it would pay a commission equal to one percent (1%) of each final award contract price for each bid or proposal prepared by B2G that resulted in the award and execution of a contract

to National.  Under the MSA, commission was due within fifteen (15) days of the signing of the contract.

10.     The MSA required that National provide a copy of any executed contract to B2G within fifteen (15) days.  If it failed to do so, National agreed to pay to B2G $75 per day as liquidated damages.

11.     The MSA also provided for late fees to be assessed on all unpaid balances every thirty days.

12.     The MSA provides that it is governed by Texas law.

13.     During the active term of the MSA, B2G successfully supported National in securing two substantial contracts:

| Client | RFP Issued | Submitted | Awarded | Executed | Contract Provided to B2G | Term |
|---|---|---|---|---|---|---|
| Villa Duchesne | 1/16/2024 | 2/16/2024 | 3/21/2024 | 5/2/2024 | 5/1/2025 | 5 years |
| Eckerd College | 1/26/2024 | 3/20/2024 | 4/24/2024 | 7/1/2024 | 5/1/2025 | 5 years |

**A.      National Does Not Pay Commission Owed on the Villa Duchesne Contract**

14.     The Villa Duchesne proposal was submitted on February 16, 2024, and National was awarded the contract on March 21, 2024.  National executed the contract with Villa Duchesne on May 2, 2024 and, pursuant to the terms of the MSA, was to provide an executed copy to B2G by May 17, 2024.  National, however, did not provide a copy of the executed Villa Duchesne agreement until May 1, 2025, nearly a year later.

15.     The Villa Duchesne contract set forth an initial period of one (1) year commencing June 15, 2024, with a four (4) year extension exercisable by written notice.  On information and belief, Villa Duchesne exercised its option to extend, making the initial term of its contract with National five (5) years (that contract also provided for renewal periods, which

are not subject to commission under the MSA).  As clearly defined in the Villa Duchesne contract, this initial period plus the four-year extension comprises the initial term of the contract, as that term is used in the MSA.

16.    The total compensation to B2G under the Villa Duchesne contract's initial term is $4,656,659.42.  Under the MSA, National owed commission of $46,566.59 to B2G.  To date, National has paid B2G only $8,771.03, leaving a balance of $37,795.56 due to B2G.

17.    Under the MSA, B2G is entitled to interest for late payments on unpaid commission at the rate of six (6) percent under the Texas statute, or $4,173.39 as of March 11, 2026.

18.    B2G has demanded payment for the outstanding principal amount owed, but National has failed to make payments due, as reflected in the Statement of Account attached as Exhibit a to the Declaration of Julie Irvin Hartman, B2G's Co-Founder and Managing Member, which is Exhibit 2 to this Complaint.

19.    Under the MSA, B2G is entitled to liquidated damages of $75/day from May 17, 2024 (fifteen days after the Villa Duchesne contract was executed) to May 1, 2025 (the date it was provided to B2G), for a total of $26,175.00 in liquidated damages.

20.    Altogether the amount due to B2G relating to the Villa Duchesne contract is $68,143.95.

**B.    National Does Not Pay Commission Owed on the Eckerd Contract**

21.    The Eckerd proposal was submitted on March 20, 2024, and National was awarded the contract on April 24, 2024.  National executed the contract with Eckerd on July 1, 2024 and, pursuant to the terms of the MSA, was to provide an executed copy to B2G by July 15,

2024.  National, however, did not provide a copy of the executed Eckerd agreement until May 1, 2025, nearly ten (10) months later.

22.     The Eckerd College contract sets forth an initial term of five (5) years.  National originally provided an incorrect contract amount to B2G for the Eckerd College contract, which understated the value of the first year of the contract by $892,414.68.  The true value of the contract is $19,443,178.72.

23.     Under the MSA, B2G was entitled to a commission of $194,431.79.  To date, National has paid B2G only $28,437.55, leaving a balance of $165,994.24 due to B2G.

24.     Under the MSA, B2G is entitled to interest for late payments on unpaid commission at the rate of six (6) percent under the Texas statute, or $7,356.21 as of the date of this filing.

25.     B2G has demanded payment for the outstanding amount owed, but National has failed to make payments due, as reflected in the Statement of Account attached as Exhibit B to the Declaration of Julie Irvin Hartman, B2G's Co-Founder.

26.     Under the MSA, B2G is entitled to liquidated damages of $75/day from July 16, 2024 (fifteen days after the Eckerd contract was executed) to May 1, 2025 (the date it was provided to B2G), for a total of $21,675.00 in liquidated damages.

27.     Altogether the amount due to B2G relating to the Eckerd contract is $ 195,025.45.

## V.
## CAUSES OF ACTION

## COUNT ONE: BREACH OF CONTRACT - VILLA DUCHESNE CONTRACT

28.     B2G incorporates paragraphs 1 through 26 as if fully set forth herein.

29.     B2G and National entered into agreements for B2G to perform business capture management, pre-bid/proposal, post-submission, and/or post-contract award services to National. B2G fully performed its obligations and successfully assisted National in obtaining the Villa Duchesne contract.

30.     Despite demand, National has breached the agreement between it and B2G by wrongfully failing and refusing to pay the amounts due and owing for the services provided by B2G.

31.     All conditions precedent to B2G's right to recovery have been performed or have occurred or been waived.

32.     As a result of National's breach, National owes B2G the principal amount of $41,968.95, plus pre-judgment and post-judgment interest, attorneys' fees, court costs and expenses as allowed under applicable Texas law.

### COUNT TWO: QUASI CONTRACT – VILLA DUCHESNE CONTRACT

33.     B2G incorporates paragraphs 1 through 26 as if fully set forth herein.

34.     In the alternative, in the ordinary course of business, B2G provided the services reflected in statement of account, attached as Exhibit a to the Declaration of Julie Irvin Hartman, B2G's Co-Founder and Managing Member.  National accepted B2G's services to obtain the Villa Duchesne contract, unjustly enriching National at B2G's expense.  National knew, or should have known, that the services were provided in anticipation of compensation, and not furnished gratuitously.  After all offsets, payments and credits, the reasonable unpaid value of the services exceeds $37,795.56.  Despite demand, National has wrongfully refused to pay the fair value of the services, for which sum B2G sues.

### COUNT THREE: SWORN ACCOUNT – VILLA DUCHESNE CONTRACT

35.     B2G incorporates paragraphs 1 through 26 as if fully set forth herein.

36.     In the usual course of business, B2G provided services to National to assist it in securing the Villa Duchesne contract that National accepted and for which it did not pay, as shown on the statement of account attached as Exhibit A to the Declaration of Julie Irvin Hartman, B2G's Co-Founder and Managing Member.

37.     National accepted the services and became bound to pay B2G the agreed commission, which is a reasonable, usual, and customary commission for such services.  This account attached as Exhibit 1 to the Hartman Declaration represents a transaction or series of transactions for which a systematic record has been kept.

38.     National has defaulted by failing to make payments on the account.  The balance due B2G on the account is $41,968.95 after all just and lawful offsets, payments and credits have been allowed, as shown on Hartman Exhibit A, plus pre-judgment and post-judgment interest, attorneys' fees, court costs and expenses as allowed under applicable Texas law.  B2G has demanded that National pay the principal amount, but National has failed to do so.

## COUNT FOUR: BREACH OF CONTRACT - ECKERD CONTRACT

39.     B2G incorporates paragraphs 1 through 26 as if fully set forth herein.

40.     B2G and National entered into agreements for B2G to perform business capture management, pre-bid/proposal, post-submission, and/or post-contract award services to National. B2G fully performed its obligations and successfully assisted National in obtaining the Eckerd contract.

41.     Despite demand, National has breached the agreement between it and B2G by wrongfully failing and refusing to pay the amounts due and owing for the services provided by B2G.

42.     All conditions precedent to B2G's right to recovery have been performed or have occurred or been waived.

43.     As a result of National's breach, National owes B2G the principal amount of $173,350.45, plus pre-judgment and post-judgment interest, attorneys' fees, court costs and expenses as allowed under applicable Texas law.

## COUNT FIVE: QUASI CONTRACT – ECKERD CONTRACT

44.     B2G incorporates paragraphs 1 through 26 as if fully set forth herein.

45.     In the alternative, in the ordinary course of business, B2G provided the services reflected in statement of account, attached as Exhibit B to the Declaration of Julie Irvin Hartman, B2G's Co-Founder and Managing Member.  National accepted B2G's services to obtain the Eckerd contract, unjustly enriching National at B2G's expense.  National knew, or should have known, that the services were provided in anticipation of compensation, and not furnished gratuitously.  After all offsets, payments and credits, the reasonable unpaid value of the services exceeds $165,994.24.  Despite demand, National has wrongfully refused to pay the fair value of the services, for which sum B2G sues.

## COUNT SIX: SWORN ACCOUNT – ECKERD CONTRACT

46.     B2G incorporates paragraphs 1 through 26 as if fully set forth herein.

47.     In the usual course of business, B2G provided services to National to assist it in obtaining the Eckerd contract that National accepted and for which it did not pay, as shown on the statement of account attached as Exhibit 2 to the Declaration of Julie Irvin Hartman, B2G's Co-Founder and Managing Member.

48.     National accepted the services and became bound to pay B2G the agreed commission, which is a reasonable, usual, and customary commission for such services.  This

account attached as Exhibit 2 to the Hartman Declaration represents a transaction or series of transactions for which a systematic record has been kept.

49.    National has defaulted by failing to make payments on the account.  The principal balance due B2G on the account is $173,350.45 after all just and lawful offsets, payments and credits have been allowed, as shown on Hartman Exhibit B, plus pre-judgment and post-judgment interest, attorneys' fees, court costs and expenses as allowed under applicable Texas law.  B2G has demanded that National pay this amount, but National has failed to do so.

## COUNT SEVEN: ATTORNEYS' FEES

50.    B2G incorporates paragraphs 1 through 26 as if fully set forth herein.

51.    National has breached its agreements with B2G by failing to pay the amounts due for the services provided to (and accepted by) it.  As a result, B2G has been required to retain the law firm of CM Law, LLP to enforce its rights and has agreed to pay the firm a reasonable fee for its services.

52.    B2G has incurred, and will continue to incur, reasonable attorneys' fees, which it seeks to recover as damages from National pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code.  All conditions precedent to B2G's recovery under Chapter 38 of the Texas Civil Practice and Remedies Code have been fully performed, have occurred or been waived.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff B2G Victory LLC prays that Defendant National Management Resources Corporation be cited to appear and answer herein and, upon final hearing of this cause, B2G have judgment against National for:

*Complaint*                                                                                    **Page 9**

a.    the principal amount due, which includes the commissions due and contractual interest;

b.    liquidated damages;

c.    pre-judgment and post-judgment interest at the highest rate allowed by law;

d.    all reasonable and necessary attorney's fees and expenses;

e.    all costs of court; and

f.    all other relief, general or special, at law or in equity, to which B2G may be justly entitled.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date: March 18, 2026

Respectfully submitted,

By:    /s/ Mishell B. Kneeland
Mishell B. Kneeland
State Bar No. 24038256
mkneeland@culhanemeadows.com
CM LAW, LLP
National Litigation Support Center
13101 Preston Road, Ste. 110-1510
Dallas, Texas 75240
Phone: (512) 910-5463
Fax:    (512) 727-9302

**Attorneys for Plaintiff B2G Victory LLC**